IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMONT COX, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 10-2673 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner Pennsylvania Department of Corrections; MICHAEL WENEROWICZ, Superintendent of the State Correctional Institution at Graterford; and MARIROSA LAMAS, Superintendent of the State Correctional Institution at Rockview, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 28th day of February, 2023, the Honorable Anita B. Brody having placed this habeas matter in civil suspense via an order entered on August 8, 2013, *see* Doc. No. 37;[1] and then-Chief Judge Petrese B. Tucker having reassigned this matter from Judge Brody's calendar to the undersigned's calendar on June 10, 2014, *see* Doc. No. 38; and this court having stayed this matter since November 14, 2014, to allow the petitioner to exhaust his state remedies and to resolve his other pending habeas petitions and exhaust any state-court remedies regarding the claims in those petitions, *see* Doc. Nos. 43, 45, 50; and the petitioner having recently filed a status report in which his counsel indicates that, *inter alia*, this habeas action is no longer a death penalty case because the Court of Common Pleas of Philadelphia County vacated the petitioner's death sentence and resentenced him to life imprisonment without the possibility of parole, *see* Status Report at ¶ 1, Doc. No. 50; and it appearing that significant litigation is still ongoing with respect to the

---

[1] It appears that the Honorable C. Darnell Jones, II, was acting emergency judge and signed the order on behalf of Judge Brody. *See* Notation Accompanying Doc. No. 58.

underlying criminal matters which have resulted in habeas petitions being filed in this court, *see id.* at ¶¶ 3–5;[2] accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court shall **REMOVE** this matter from civil suspense and **RETURN** it to the undersigned's active docket;

2. The petitioner's counsel shall continue to keep the court apprised of any developments in the state-court proceedings that may impact this habeas action; and

3. The clerk of court shall **MARK** this matter as **CLOSED** for statistical purposes.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] Those other civil actions are Nos. 00-5289 and 00-5188.
[3] The entry of this order will not prejudice the rights of the parties in this proceeding. The court will reopen this matter when the parties inform the court that the stay can be lifted.